FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA G., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] <br><br> Defendant. | No: 1:21-CV-03014-LRS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 18, 23. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 18, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 23, and **REMANDS** the case for to the Commissioner for an immediate award of benefits.

## JURISDICTION

Plaintiff Jessica G.[2] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on May 6, 2015, Tr. 139-40, alleging disability since February 18, 2015, Tr. 307, 314, due to fibromyalgia, irritable bowel syndrome, stomach problems, an undefined back problem, migraines, her feet and hands going numb, and an inability to sleep, Tr. 333. Benefits were denied initially, Tr. 185-97, and upon reconsideration, Tr. 194-203. A hearing before Administrative Law Judge Laura Valente ("ALJ") was conducted on April 3, 2018. Tr. 63-93. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Sharon F. Welter. *Id*. The ALJ denied benefits on May 7, 2018. Tr. 15-26. The Appeals Council denied Plaintiff's request for review on March 21, 2019. Tr. 1-6. The

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

matter was appealed to this Court on May 13, 2019. Tr. 860. This Court remanded the case for additional proceedings on December 2, 2019. Tr. 866-94.

A second hearing was held on September 30, 2020 before ALJ M.J. Adams. Tr. 790-821. The ALJ took the testimony of Plaintiff and vocational expert, Steven Floyd. *Id*. The ALJ entered an unfavorable decision on October 26, 2020. Tr. 770-82. The Appeals Council did not assume jurisdiction in the case under 20 C.F.R. §§ 404.984(a), 416.1484(a); therefore, the ALJ's decision became the final decision of the Commissioner. This case is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 25 years old at the alleged onset date. Tr. 307. She completed one year of college in 2007. Tr. 334. Plaintiff's reported work history includes the jobs of convenience store clerk and childcare provider. Tr. 334. At application, she stated that she stopped working on September 1, 2014, due to her conditions. Tr. 333, 342.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

ORDER ~ 3

limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to

ORDER ~ 4

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

ORDER ~ 5

claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER ~ 6

If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 18, 2015, the alleged onset date. Tr. 773. At step

ORDER ~ 7

two, the ALJ found that Plaintiff has the following severe impairments: inflammatory bowel disease; polycystic ovarian syndrome; fibromyalgia; obesity; and migraine headaches. Tr. 773. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 774. The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR §§ 404.1567(a), 416.967(a) with the following limitations:

> she can lift and carry 20 pounds occasionally, lift and carry 10 pounds frequently, stand and/or walk 2 hours in an 8-hour workday with normal breaks, and sit 6 hours in an 8-hour workday with normal breaks. She can frequently balance and occasionally stoop, kneel, crouch, crawl, and climb ramps or stair with no climbing of ladders, ropes, or scaffolds. She must avoid even moderate exposure to hazards (e.g., working around heights or moving dangerous machinery).

Tr. 775. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 781. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including positions as a surveillance systems monitor, an addresser, and a call out operator. Tr. 782. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from February 18, 2015, the alleged date of onset, through the date of her decision. Tr. 782.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying

ORDER ~ 8

her DIB under Title II of the Social Security Act and SSI benefits under Title XVI of the Social Security Act.  ECF No. 18.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ met her burden at step five;
2. Whether the ALJ properly weighed the medical source opinions and lay witness statements;
3. Whether the ALJ properly addressed Plaintiff's syncope; and
4. Whether the ALJ properly addressed Plaintiff's symptom statements.

## DISCUSSION

**1. The ALJ's Burden**

Plaintiff argues that the ALJ failed to meet her burden at step five by failing to prove that work "exists in significant numbers in the national economy" that Plaintiff can perform.  ECF No. 18 at 21.

Once a claimant establishes that she cannot perform her past relevant work, it is the Commissioner's duty to establish that she can perform substantial gainful employment that exists in significant numbers in the national economy.  *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998); 20 C.F.R. §§ 404.1566, 416.966.  The Ninth Circuit has declined to find that there is a bright-line rule when determining the total number of jobs that is "significant."  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 national jobs significant).  In *Gutierrez*, the Ninth Circuit found that 25,000 jobs was a "close call."  *Id.* at 529.

ORDER ~ 9

District courts in the Ninth Circuit have varied in their conclusions of what constitutes "significant." *Compare, e.g.*, *Montalbo v. Colvin*, 231 F. Supp. 3d 846, 863 (D. Haw. 2017) (finding 12,300 national jobs significant) *and Evans v. Colvin*, No. ED CV 13-01500, 2014 WL 3845046, at *2-3 (C.D. Cal. Aug. 4, 2014) (finding 6,200 national jobs significant) *with Baker v. Comm'r of Soc. Sec.*, 2014 WL 3615497, at *8 (E.D. Cal. July 21, 2014) (finding 14,500 national jobs insignificant) *and Valencia v. Astrue*, No. C 11-06223, 2013 WL 1209353 at *18 (N.D. Cal. Mar. 25, 2013) (finding 14,082 national jobs insignificant). Specifically, this District has found that 8,500 national jobs, *Lora M. v. Comm'r. of Soc. Sec.*, No. 2:18-cv-00198-MKD, 2019 WL 2130303, at *4 (E.D. Wash. April 5, 2019), and "15,000 to 16,000" national jobs, *Andrea L. v. Saul*, No. 2:15-cv-00253-MKD, 2020 WL 888520, at *8 (E.D. Wash. Feb. 24, 2020), was insufficient to carry the ALJ's burden at step five.

Here, the ALJ identified the occupations that Plaintiff could perform based on the RFC determination as surveillance systems monitor with 3,500 national jobs, addresser with 3,000 national jobs, and call out operator with 3,000 national jobs. Tr. 782. Therefore, the ALJ identified 9,500 national jobs available to Plaintiff. This Court finds that 9,500 national jobs to be insufficient to carry the ALJ's burden.

Furthermore, Defendant conceded that the ALJ had improperly rejected the opinion of Norman Staley, M.D., arguing that any error in doing so was harmless.

ORDER ~ 10

ECF No. 23 at 11-12. Dr. Staley had opined that Plaintiff was limited in reaching, handling, and fingering bilaterally. Tr. 147. Defendant further conceded that such limitation would preclude the position of addresser. ECF No. 23 at 12. Eliminating this occupation would further limit the jobs available to Plaintiff to just 6,500 national jobs. *Id*. at 14-15. This concession by Defendant further affirms that the ALJ failed to carry her burden at step five.

Since the ALJ failed to establish that work exists in significant numbers in the national economy at step five, the case is remanded for an immediate award of benefits. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. Here, no useful purpose would be served if the case were remanded for additional proceedings. The ALJ's findings resulted in an insignificant number of jobs available in the national economy. Considering this, the Court need not address Plaintiff's other challenges and remands the case for an immediate award of benefits.

ORDER ~ 11

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED,** and the matter is **REMANDED** to the Commissioner an immediate award of benefits.

2. Defendant's Motion for Summary Judgment, ECF No. 23, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 10, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 12